**Sivinder GREWAL, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2487–ag.

United States Court of Appeals, Second Circuit.

May 18, 2007.

Hector M. Roman, Jackson Heights, New York, for Petitioner.

Michael J. Sullivan, United States Attorney; Gina Walcott–Torres, Assistant United States Attorney, Boston, Massachusetts, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. SONIA SOTOMAYOR, Hon. BARRINGTON D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Sivinder Grewal, a native of India, seeks review of a May 9, 2006 order of the BIA affirming the October 4, 2004 decision of Immigration Judge ("IJ") William Van Wyke denying Grewal's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sivinder Grewal,* No. A70 901 999 (B.I.A. May 9, 2006), *aff'g* No. A70 901 999 (Immig. Ct. N.Y. City Oct. 4, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The record substantially supports the agency's finding that petitioner's forced retirement from the military and arrest without torture or physical violence did not amount to past persecution. *See Matter of Acosta,* 19 I. & N. Dec. 211, 216 (BIA 1985) (defining persecution as "a threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive"). The record also supports the agency's conclusion that the petitioner did not meet his burden of proving that his fear of returning to India is well-founded, particularly on the basis of petitioner's limited political involvement in India before he left and the long passage of time since he has been gone.

For the foregoing reasons, the petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.